# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RODOLFO TREJO, ) | CASE NOS.: 5:16-cr-00387 |
| ) | 5:19-cv-01263 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| UNITED STATES OF AMERICA, ) | **ORDER** |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner Rodolfo Trejo's ("Trejo") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Mot. to Vacate, ECF No. 39.)[1] For the following reasons, this Court DENIES Trejo's motion. Because the motion, along with the record of prior proceedings before this Court, plainly demonstrate that Trejo is not entitled to relief, the government is not ordered to respond to Trejo's motion and an evidentiary hearing is not necessary. *See* Rules 4(b), 5(a), and 8 of the Rules Governing Section 2255 Proceedings.

## I. FACTUAL BACKGROUND

On December 13, 2016, a federal Grand Jury indicted Trejo for three counts of Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326. (Indictment 1-3, ECF No. 8.)

On January 3, 2017, Trejo appeared before this Court for arraignment and pled not guilty to all counts. (Min. 1/3/2017. *See also* Tr. 1/3/2017 Arraignment Hr'g 2:1-5, 2:11-19, 3:13-4:7, ECF No. 27.) On February 3, 2017, Trejo attended a change of plea hearing before this Court where he

---

[1] All citations in this Memorandum of Opinion and Order are to the docket for *United States of America v. Trejo*, Case No. 5:16-cr-00387, N.D. Ohio.

pled guilty to all five counts of the indictment. (Min. 2/3/2017. *See also* Tr. Change of Plea Hr'g 3:5-7, 3:13-4:19, ECF No. 33.) Trejo and the government did not enter into a plea agreement. (*Id.* at 3:20.)

During the change of plea hearing, Trejo was placed under oath and engaged in a plea colloquy with this Court in which Trejo affirmed that he was not under the influence of any substance that would affect his ability to understand the hearing, that he fully reviewed all the matters related to his case, that he was satisfied with his attorney's performance, and that he understood entering a guilty plea may result in his removal from the United States. (*Id.* at 4:20-6:8.) This Court also reviewed the statutory penalties for the five counts against Trejo, the advisory sentencing guidelines, the factors this Court must consider when sentencing, and the rights Trejo was waiving by entering a guilty plea. (*Id.* at 6:9-13:12.) When this Court sought to determine the factual basis for Trejo's guilty plea, Trejo admitted, under oath that on three separate occasions, between August 17, 2016 and September 22, 2016, he sold cocaine to an individual in Canton, Ohio. (*Id.* at 13:13-14:13.) Trejo also admitted to possessing cocaine on December 1, 2016, which was discovered pursuant to a lawful traffic stop. (*Id.* at 14:14-15:12.) Finally, Trejo admitted that he had been previously deported from the United States in 2013, had not applied for or obtained consent for readmission to the United States, and yet was in the United States on December 1, 2016. (*Id.* at 15:13-16:1.)

After the thorough exchange between Trejo and this Court, Trejo stated under oath that he did not have any questions or concerns, that no one had forced, coerced or threatened him to enter a guilty plea, and that he understood his rights, wished to waive them, and wished to plead guilty. (*Id.* at 16:2-17:12.) This Court accepted Trejo's plea with a finding that he was competent and entered a knowing and voluntary plea. (*Id.* at 17:13-19.)

On May 23, 2017, Trejo attended his sentencing hearing, where this Court sentenced Trejo to 60 months custody on each count, to be served concurrently. (Min. 5/23/2017; J. 1-2, ECF No. 21. *See also* Tr. Sentencing Hr'g 3:3-5, 26:20-25, ECF No. 34.) This Court's sentence was upheld on appeal and the Supreme Court of the United States denied certiorari on October 1, 2018. *United States v. Trejo*, 729 F. App'x 396 (6th Cir. 2018); *United States v. Trejo*, 139 S. Ct. 221 (2018). On May 31, 2019, Trejo filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner "may move the court which imposed the sentence [against him] to vacate, set aside, or correct the sentence." 28 U.S.C.S. § 2255(a). In order for the prisoner to obtain relief under 28 U.S.C. § 2255, he "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)) (internal quotation marks omitted). Trejo provides two grounds for relief pursuant to 28 U.S.C. § 2255 in his Motion to Vacate alleging errors of constitutional magnitude in the form ineffective assistance of counsel for: (1) failing to investigate relevant conduct; (2) failing to advise Trejo to accept a plea agreement. (Mot. to Vacate 4, ECF No. 39.)

## III. LEGAL ANALYSIS

### A. Ineffective Assistance of Counsel

For Trejo to demonstrate that his counsel's assistance was so defective that justice requires his sentence to be vacated, set aside, or corrected, he must prove two components. First, Trejo "must show that counsel's performance was deficient," which "requires showing that counsel made errors

so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, Trejo "must show that the deficient performance prejudiced" him. *Id.* Both components must be proved, otherwise it cannot be stated that there was a "breakdown in the adversary process that renders the result unreliable." *Id.*

For the first component, "the proper standard for attorney performance is that of reasonably effective assistance." *Id.* Therefore, to be deemed deficient, counsel's representation of Trejo must have fallen below an "objective standard of reasonableness." *Id.* at 688. This means that counsel's conduct must have been reasonable given "the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Furthermore, "[j]udicial scrutiny of counsel's performance must be highly deferential" and every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Because of the difficulties associated with this hindsight analysis, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90.

For the second component, Trejo must demonstrate that counsel's deficient performance prejudiced him. This means that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Therefore, Trejo must do more than simply show that his counsel's "errors had some conceivable effect on the outcome of the proceeding" because then "[v]irtually every act or omission of counsel would meet that test . . . and not every error that conceivably could have

influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. Trejo is required, therefore, to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

    1.  *Ground One – Failure to Investigate Relevant Conduct*

With respect to Trejo's first ground for relief, he argues that his counsel failed to investigate evidence of relevant conduct which this Court "used to double the maximum of the term of time in the sentencing range." (Mot. to Vacate 4, ECF No. 39.) Trejo's focus is on the following statement contained in the Presentence Investigation Report ("PSR"):

> In November 2016 Homeland Security Investigations (HSI) received information from ATF that the defendant was involved in a Mexican criminal organization operating in the Canton, Ohio, area. Investigation showed that the defendant and others were involved in the illegal sale and distribution of firearms and narcotics.

(PSR ¶ 12, ECF No. 15.) Trejo argues that he was not a member of a gang, there was no evidence of his involvement with a gang, and he was not involved with the sale of firearms, all of which his counsel should have investigated. (Mot. to Vacate 4, 17, 22, ECF No. 39.)

Although Trejo does not fully develop this argument, it is reasonable to assume that Trejo is claiming that had his counsel investigated this relevant conduct this Court would not have imposed the sentence it did. Therefore, Trejo must demonstrate that his counsel's failure to investigate evidence of the relevant conduct was objectively, professionally unreasonable **and** but for his counsel's failure to investigate, Trejo would not have been sentenced to 60 months imprisonment.

Accordingly, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary" and "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy

measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). A decision to limit investigations may be considered objectively, professionally reasonable when the decision is supported by strategic considerations. *See Rompilla v. Beard*, 545 U.S. 374, 383 (2005) ("the duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste"); *Wiggins v. Smith*, 539 U.S. 510, 525 (2003) (explaining that counsel's decision to limit investigations may be reasonable if counsel has evidence that further investigation would be fruitless); *Strickland v. Washington*, 466 U.S. 668, 699 (1984) (supporting the proposition that counsel's decision to limit investigations does not constitute deficient performance when "counsel could reasonable surmise" that additional investigation "would be of little help").

In the instant matter, Trejo asserts only conclusory statements devoid of evidentiary support that his counsel failed to investigate whether Trejo was involved in a gang. Additionally, given the PSR provided that government agencies possessed evidence that Trejo was a member of a criminal organization that sold firearms and illegal drugs, it is certainly objectively, professionally reasonable that Trejo's counsel declined to further investigate as a strategic decision – particularly because Trejo was not indicted for crimes related to supplying firearms or as a member of a conspiracy. Therefore, this Court defers to counsel's judgment as Trejo has not provided evidence, aside from conclusory statements, that his counsel's performance was objectively, professionally unreasonable.

However, providing Trejo with every benefit of the doubt, even if this Court were to find Trejo's counsel's performance with respect to investigating this relevant conduct was objectively, professionally unreasonable, Trejo's argument would fail in demonstrating prejudice. Trejo cannot

demonstrate that but for his counsel's failure to investigate his involvement in a criminal organization, this Court would not have imposed a 60-month sentence. This Court was clear that the sentence was imposed because Trejo not only sold drugs, but also supplied them, that Trejo's previous lenient sentences did not deter him from reentering the United States illegally and engaging in criminal activity dangerous to our communities, and also because Trejo was "more likely than not to commit additional crimes." (Tr. Sentencing Hr'g 20:2-27:3, ECF No. 34.) This Court's 60-month sentence did not hinge on Trejo's involvement in a criminal organization alone. Therefore, Trejo cannot demonstrate that but for his counsel's performance this Court would have imposed a different sentence. Trejo's first ground for relief is denied.

    2. *Ground Two – Failure to Negotiate a Binding Plea Agreement*

Although Trejo asserts his second ground for relief is for ineffective assistance of counsel for failing to "properly advise Trejo to accept a plea agreement," Trejo's supporting argument for this ground for relief indicates he is arguing that his counsel was ineffective for failing to negotiate a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). (Mot. to Vacate 4, 11-12, 14-15, 18-21, ECF No. 39.)

The constitutional right to effective counsel is required during plea negotiations. *Missouri v. Frye*, 566 U.S. 134, 144 (2012). However, "there is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). "The successful negotiation of a plea agreement involves factors beyond the control of counsel, including . . . the cooperation of the prosecutor, who has no obligation to offer such an agreement." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). Most importantly, however, is there is no absolute right that a federal judge accepts a plea agreement. *Frye*, 566 U.S. at 149 (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

Given this framework, to be successful in his argument, Trejo must demonstrate that his counsel's performance during the plea-bargaining process was objectively, professionally unreasonable given the facts and circumstances of Trejo's case ***and*** there is a reasonable probability that but for his counsel's objectively, professionally unreasonable performance, the outcome of the plea bargaining process would have been different. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (concluding that to demonstrate prejudice, a petitioner "must show the outcome of the plea process would have been different with competent advice").

Although Trejo is clear that he wished to enter into a binding plea agreement with the government, what is not clear is how his counsel's failure to secure the specific binding plea agreement Trejo wanted was objectively, professionally unreasonable. (Mot. to Vacate 11, ECF No. 39 (stating Trejo "preferred to get into a Rule 11(c)(1)(C) plea agreement with the Government").) Besides providing conclusory statements that "counsel failed to solidify a plea agreement" despite the government's alleged willingness to "present a plea offer," Trejo offers nothing else to suggest his counsel's performance fell below professional norms. (*Id.* at 11, 14. *See also id.* at 14 "Trejo argues he received ineffective assistance because counsel failed to solidify a plea agreement which Petitioner offered to accept; i.e. secure a plea deal on terms that were favorable to Trejo.")

Trejo does allege, that the government originally offered to enter into the binding plea agreement Trejo desired, reflecting an agreed term of imprisonment between 24 and 30 months, but the offer was later rescinded by the government. (*Id.* at 14-15.) Trejo claims that he then expressed his desire to enter into the binding plea agreement reflecting a term of imprisonment between 24 and 30 months with the government, but his counsel "was unable to secure such a plea from the Government." (*Id.* at 15.) Even if this Court were to assume that Trejo's counsel's

performance was objectively, professionally unreasonable for failing to enter into the allegedly offered binding plea agreement before the government rescinded their offer, Trejo has provided no evidence that the government actually made such an offer. The language of Trejo's motion is very specific that Trejo was the party who desired a plea agreement with terms he personally viewed as favorable: "It was Petitioner's desire to seek a plea agreement offer and enter into a plea agreement with the Government." (*Id.* at 15.)

Even if this Court were to engage in a cascade of assumptions and assume that the government offered the binding plea agreement reflecting an agreed term of imprisonment between 24 to 30 months and assume that the government was always willing to enter into that exact plea agreement with Trejo, and assume that Trejo's counsel's performance was objectively, professionally unreasonable for failing to secure that exact plea agreement with the government, Trejo still must prove prejudice. Trejo still must prove that the outcome of the plea process would have been different but for his counsel's objectively, professionally unreasonable performance.

This is where, even providing Trejo with every latitude, Trejo's argument fails because the final stop for the binding plea agreement is this Court. In a situation such as this, where a trial court has the discretion to refuse to accept a plea agreement, Trejo must show that there is a reasonable probability that the trial court would not "have prevented the offer from being accepted or implemented." *Frye*, 566 U.S. at 148. Rather than arguing this point, Trejo simply states, "there was a reasonable probability that this Court would have accepted the terms of the plea agreement" and "there is a reasonable probability that Trejo would have received a lesser sentence." (Mot. to Vacate 15, 20-21 ECF No. 39.) These conclusory statements do not pass muster.

Given this Court's detailed explanations as to why the advisory sentencing guideline of 24 to 30 months imprisonment was insufficient, along with this Court's imposition of a 60-month

sentence, Trejo cannot demonstrate, with a reasonable probability, that this Court would have accepted and implemented a binding plea agreement between the parties agreeing to a term of imprisonment between 24 and 30 months which, likewise, would have bound this Court to sentencing no more than 30 months imprisonment. (Tr. Sentencing Hr'g 20:2-27:3, ECF No. 34.) Quite simply, assuming Trejo's counsel's performance was objectively, professionally unreasonable, Trejo clearly cannot demonstrate that said performance prejudiced him. Therefore, Trejo's second ground for relief is denied.

    3. *Suggestions of a Coerced Guilty Plea*

As a brief note, a few times throughout his Motion to Vacate, Trejo suggests that his counsel coerced or compelled his guilty plea. (Mot. to Vacate 11-12, 14, 17, 20, ECF No. 39.) A guilty plea is valid so long as it is entered voluntarily and intelligently. *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). In order to ensure that a guilty plea is entered voluntarily and intelligently, a district court must, in accordance with Rule 11 of the Federal Rules of Criminal Procedure, verify that the pleading party "understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007) (quoting *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005)) (internal quotation marks omitted). When engaging in this plea colloquy with the court, as required by Rule 11 of the Federal Rules of Criminal Procedure, a defendant is bound by the statements he made in response to the court's inquiry, so long as the court "scrupulously followed the required procedure." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (relying upon *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976); *Jackson v. United States*, 512 F.2d 772, 773 (5th Cir. 1975)).

The record on this matter is clear – Trejo entered a voluntary guilty plea that was uncoerced. This Court entered into a lengthy and detailed plea colloquy with Trejo to ensure that his plea was voluntary. Trejo testified, under oath, that he understood the nature of the charges against him, that he understood the constitutional rights he wished to waive by entering a guilty plea, that he understood the potential consequences of entering a guilty plea, and that he admitted to engaging in the criminal activity, as described by the government, supporting his guilty plea. Furthermore, Trejo testified, under oath, that no one threatened him, forced him, or coerced him into entering his guilty plea.

Because this Court scrupulously followed the requirements of Rule 11 of the Federal Rules of Criminal Procedure, Trejo is bound by the statements that he made in response to the Court's inquiry. Accordingly, to the extent Trejo is attempting to argue that his guilty plea is invalid, this Court finds otherwise – there is no evidence that Trejo's counsel, or anyone else for that matter, coerced or compelled Trejo to plead guilty.

### IV. CONCLUSION

For the foregoing reasons, Petitioner Rodolfo Trejo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby DENIED. Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: December 29, 2020 /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT